UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KACEY BRADSHAW and JEREMY OLIVE,**

    Plaintiffs,

v.                                                               Case No: 5:24-cv-37-JSM-PRL

**EDWARD ZAGORAC,**

    Defendant.

---

**ORDER**

This matter is before the Court on Defendant Edward Zagorac's motions to compel a compulsory medical examination of Plaintiffs Kacey Bradshaw and Jeremy Olive Under Rule 35. (Docs. 19-20). Specifically, Defendant asks the Court to order the Plaintiffs to submit to a physical examination by orthopedic surgeon, Dr. David Arango, M.D. While Plaintiffs have no objection to attending the examination, the motions recite that Plaintiffs are allowed to have a videographer (or other third party) present if sufficient notice is provided to Defendant's counsel before the exam. (Doc. 19 at p. 3; Doc. 20 at p. 3).

A court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The order "may be made only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The rule does not state who may attend a compulsory examination or whether a recording device is appropriate. However, Rule 26(c) permits a

court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E).

Here, there is no dispute that Plaintiffs' physical conditions are in controversy, and thus, good cause exists for the proposed physical examinations of the Plaintiffs. *See* Fed. R. Civ. P. 35(a). Plaintiffs, however, have not shown good cause for allowing the presence of a videographer or any other third party (such as a court reporter, counsel, interpreter, etc.) at their examination.

Courts in the Middle District of Florida have routinely placed the burden of demonstrating good cause on the party seeking the presence of a third party and have denied the request absent a showing of special circumstances. *See, e.g.*, *Wailes v. Doherty*, No. 3:21-CV-180-BJD-PDB, 2021 WL 3679108, at *1 (M.D. Fla. Aug. 19, 2021) (denying request to allow the presence of counsel and a videographer at the examination because plaintiff failed to show good cause); *Watson v. State Farm Mut. Auto Insur. Co.*, No. 3:19-CV-221-J-32MCR, 2019 WL 13189474, at *1 (M.D. Fla. Aug. 22, 2019) (denying request to bring counsel and/or a videographer to the examination because plaintiff failed to show good cause by pointing to a special circumstance); *Osgood v. Disc. Auto Parts, LLC*, No. 3:13-CV-1364-J-34, 2014 WL 212323, at *6-7 (M.D. Fla. Jan. 21, 2014) (denying plaintiff's request to allow an individual from his counsel's law firm to videotape his examination because plaintiff did not argue that a special circumstance exists); *Scipione v. Advance Stores Co.*, No. 8:12–CV–687–T–24AEP, 2013 WL 646405, at *1 (M.D. Fla. Feb. 21, 2013) (denying request for a third party to record the examination on video because plaintiff failed to show good cause); *Tomlinson v.*

*Landers*, No. 307CV1180J-TEM, 2009 WL 2496531, at *3 (M.D. Fla. Aug. 12, 2009) (denying request to allow a videographer and/or a court reporter to attend his examination because plaintiffs did not "come forward with evidence that [d]efendant's medical expert will not conduct a fair examination, nor come forward with any other evidence that would justify issuance of a protective order under Rule 26(c)"); *see also Gordon v. United States*, No. 20-14118, 2021 WL 879204, at *2 (S.D. Fla. Mar. 8, 2021) (explaining that "[t]he majority view in federal court is to exclude third parties from Rule 35 examinations absent special circumstances").

Here, Plaintiffs have not argued that special circumstances warrant letting a videographer or other third party to attend their Rule 35 examinations, and no special circumstances are apparent. Rather, the motions generally state that "Plaintiff is allowed to videotape the Examination with a professional third-party videographer only, and must provide forty-eight hours (48) notice prior to the exam to counsel for Defendant to be put on notice and to ensure adequate space is secured for the exam." (Doc. 19 at p. 3; Doc. 20 at p. 3). Further, "[i]f a court reporter, an attorney, and/or a videographer and/or interpreter is in attendance at the Examination, the same notice requirement will be necessary." (Doc. 19 at p. 3; Doc. 20 at p. 3). Even though Defendant does not oppose these general parameters, the motion provides no special circumstances about this case that justify video recording the examinations or allowing a third party to be present. The Court has no reason to dispute that Dr. Arango will conduct an ethical and professional examination of the Plaintiffs and that he and the Plaintiffs "will testify truthfully, that the able lawyers on both sides will bring out any inconsistencies or memory failings through vigorous and thorough cross-examination, and that the jury will perform its fundamental job of deciding the facts even when, as with the rest

- 4 -

of the evidence, it does not have a video replaying what those may be." *Osgood*, 2014 WL 212323, *7. As such, Plaintiffs are prohibited from bringing a videographer or any other third party to their examination.

Accordingly, Defendant's motions to compel a compulsory medical examination of Plaintiffs Kacey Bradshaw and Jeremy Olive Under Rule 35 (Docs. 19-20) is **GRANTED**.

Plaintiff Kacey Bradshaw is directed to appear at the examination with Dr. Arango on January 24, 2025, at 11:30 a.m., at the Lincoln Center located at 5401 W. Kennedy Blvd., Suite 100, Tampa, Florida 33609, unless the parties agree to a different date and time. Plaintiff Jeremy Olive is directed to appear at the examination with Dr. Arango on January 24, 2025, at 1:00 p.m., at the Lincoln Center located at 5401 W. Kennedy Blvd., Suite 100, Tampa, Florida 33609, unless the parties agree to a different date and time. No videographer nor any other third party may attend the examination.

**DONE** and **ORDERED** in Ocala, Florida on December 3, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties