UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KACEY BRADSHAW and**
**JEREMY OLIVE,**

    **Plaintiffs,**

v.                                                                    Case No: 5:24-cv-37-JSM-PRL

**EDWARD ZAGORAC,**

    **Defendant.**

_____

### ORDER

This cause comes before the Court on Defendant Edward Zagorac's unopposed motions for a compulsory medical examination of Plaintiffs Kacey Bradshaw and Jeremy Olive ("Second Motions for Compulsory Medical Examinations") filed on March 24, 2025. (Docs. 32-33). In the Second Motions for Compulsory Medical Examinations, Defendant requests that the Court, pursuant to Federal Rule of Civil Procedure 35, order Plaintiffs Kacey Bradshaw and Jeremy Olive to appear for a physical examination before Dr. Brian Hudson on March 20, 2025 and March 27, 2025, respectively, after Plaintiffs originally scheduled physical examinations with Dr. David Arango set for January 24, 2025 were canceled. (Doc. 32 at pp. 1-3; Doc. 33 at pp. 1-3). Defendant represents that Plaintiffs do not oppose the relief requested in the motions. (Doc. 32 at p. 6; Doc. 33 at p. 6).

This a personal injury case arising from a motor vehicle accident on November 4, 2022. (Doc. 1-1 at p. 2). Plaintiffs allege that they sustained injuries requiring surgical intervention after their vehicle collided with a motor vehicle negligently operated by Defendant. (*Id.* at pp. 2-3; Doc. 32 at p. 2; Doc. 33 at p. 2). As a result of the subject accident, Plaintiff Jeremy Olive alleges that he sustained injuries to his left wrist, bilateral shoulders, lumbar spine, and cervical spine, and Plaintiff Kacey Bradshaw alleges that she sustained injuries to her right shoulder, bilateral hips, lumbar spine, and cervical spine. (Doc. 32 at p. 2; Doc. 33 at p. 2; *see* Doc. 1-1 at pp. 2-3).

On November 27, 2024, Defendant filed unopposed motions for a compulsory medical examination of Plaintiffs Kacey Bradshaw and Jeremy Olive ("First Motions for Compulsory Medical Examinations"), requesting that the Court, pursuant to Federal Rule of Civil Procedure 35, order Plaintiffs Kacey Bradshaw and Jeremy Olive to appear for a physical examination before Dr. Arango on January 24, 2025. (Docs. 19-20). The Court granted Defendant's First Motions for Compulsory Medical Examinations. (Doc. 22).

Three days before Dr. Arango was scheduled to perform a physical examination on the Plaintiffs, on January 21, 2025, Defendant filed Notices of Cancellation of Compulsory Medical Examination, notifying the Court that Plaintiffs' physical examinations scheduled for January 24, 2025 were canceled due to Dr. Arango suffering from an illness. (Docs. 24-25). Following the cancellation of those examinations, the parties worked to reschedule the Plaintiffs' examinations with Dr. Arango. (Doc. 32 at p. 2; Doc. 33 at p. 2). However, the

parties recently came to learn that Dr. Arango's condition has worsened, and he is currently unable to work due to his medical condition. (Doc. 32 at p. 2; Doc. 33 at p. 2).[1]

As a result, Defendant attempted to reschedule Plaintiffs' physical examinations with a new physician. (Doc. 32 at p. 2; Doc. 33 at p. 2). Defendant's counsel indicates that on February 18, 2025, they provided Plaintiff's counsel with proposed dates to reschedule the physical examinations with Dr. Hudson. (Doc. 32 at p. 6; Doc. 33 at p. 6). Defendant's counsel confirmed Plaintiffs Kacey Bradshaw and Jeremy Olive's availability for the proposed physical examinations on February 19, 2025 and February 26, 2025, respectively. (Doc. 32 at p. 6; Doc. 33 at p. 6).

Defendant now files the instant Second Motions for Compulsory Medical Examinations, requesting that the Court, pursuant to Federal Rule of Civil Procedure 35, order Plaintiffs Kacey Bradshaw and Jeremy Olive to appear for a physical examination before Dr. Hudson[2] on March 20, 2025 and March 27, 2025, respectively. (Docs. 32-33). Defendant contends that because the Plaintiffs allege that their sustained injuries from the subject motor vehicle accident are ongoing and a direct result of Defendant's negligence, the Plaintiffs' physical conditions are in controversy, and good cause exists for Defendant to seek physical examinations of the Plaintiffs under Rule 35. (Doc. 32 at p. 5; Doc. 33 at p. 5; *see* Doc. 1-1 at pp. 2-3).

---

[1] Defendant indicates that a letter of correspondence from Dr. Arango's office is attached to the motions in Exhibit A (Doc. 32 at p. 2; Doc. 33 at p. 2); however, no such letter is included with the motions.

[2] Notably, Defendant indicates that Dr. Hudson's curriculum vitae is attached to the motions in Exhibit A (Doc. 32 at p. 3; Doc. 33 at p. 3); however, yet again, no such document is included with the motions.

Rule 35 provides that a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." *See* Fed. R. Civ. P. 35(a)(1). "The order . . . may be made only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *See* Fed. R. Civ. P. 35(a)(2). In considering Rule 35 motions, the party requesting a physical or mental examination must have "adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'" *See Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). If these threshold determinations are met, then the Court must address the specifics of the physical or mental examination, specifying "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *See* Fed. R. Civ. P. 35(a)(2)(A).

First, with respect to the "in controversy" requirement, Defendant contends that the Plaintiffs' physical conditions are in controversy, explaining that the current action arises out of a motor vehicle accident, and Plaintiffs alleged that they sustained physical injuries as a result of the subject accident. (Doc. 32 at p. 2, 5; Doc. 33 at p. 2, 5; *see* Doc. 1-1 at pp. 2-3). Based on these contentions, the Court finds that the Plaintiffs' physical conditions are in controversy.

Next, turning to good cause, Defendant contends that good cause exists for the physical examinations because Plaintiffs have placed their physical conditions in controversy and set forth allegations of physical injuries, which are continuing and ongoing, in this action. (Doc. 32 at p. 5; Doc. 33 at 5; *see* Doc. 1-1 at pp. 2-3). Defendant has established good cause

to seek physical examinations of the Plaintiffs, who have no objection to the relief requested in the Second Motions for Compulsory Medical Examinations.

Based on the foregoing and Defendant's representation that notice was provided to the Plaintiffs of the physical examinations (Doc. 32 at p. 6; Doc. 33 at p. 6), the Court finds that Defendant has satisfied the requirements under Rule 35.

As a final matter, the Court notes that Defendant filed the Second Motions for Compulsory Medical Examinations on March 24, 2025—four days after Plaintiff Kacey Bradshaw's scheduled physical examination and three days before Plaintiff Jeremy Olive's physical examination was scheduled to occur. (*See* Doc. 32 at p. 3; Doc. 33 at p. 3). The Court admonishes Defendant in that he must file motions, even ones that are unopposed, with sufficient time to allow the Court to learn of the motion, review it, and rule on the requested relief in advance of the proposed action. Moreover, if the motion is an emergency or time-sensitive for any reason, the motion should expressly indicate as much. *See* M.D. Fla. Local Rule 3.01(e). Nevertheless, because there is no objection to the relief requested in the motions in this instance and assuming that Plaintiffs physical examinations already took place on March 20, 2025 and March 27, 2025, the Court will grant Defendant's Second Motions for Compulsory Medical Examinations *nunc pro tunc*. If the rescheduled examinations of Plaintiffs did not occur, then Defendant must file a renewed motion consistent with the foregoing admonition and this Order.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Edward Zagorac's unopposed motions for a compulsory medical examination of Plaintiffs Kacey Bradshaw and Jeremy Olive (Docs. 32-33) are **GRANTED**.

(2) Plaintiff Kacey Bradshaw's physical examination conducted by Dr. Hudson on March 20, 2025, at 4:00 p.m., at 8355 Northcliffe Blvd., Springhill, Florida 34606 is permitted *nunc pro tunc*, as set forth above, unless the parties agreed to a different date and time.

(3) Plaintiff Jeremy Olive's physical examination conducted by Dr. Hudson on March 27, 2025, at 4:30 p.m., at 8355 Northcliffe Blvd., Spring Hill, Florida 34606 is permitted *nunc pro tunc*, as set forth above, unless the parties agreed to a different date and time.

**DONE** and **ORDERED** in Ocala, Florida on March 28, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties